IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| BRAD ALLEN NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  14-01755 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of | ) | |
| Social Security | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I.  Synopsis

Plaintiff brought this action for review of the final decision of the Commissioner of
Social Security ("Commissioner") denying his application for Security Benefits ("SSI") pursuant
to the Social Security Act ("Act").  Plaintiff protectively filed his application on June 19, 2009,
alleging he was disabled beginning April 1, 2000.  ECF No. 7-2, 17.  After Plaintiff's application
was denied initially, he filed a written request to have his application reviewed by an
Administrative Law Judge ("ALJ").  *Id.*  After a hearing held on December 17, 2010, the ALJ
denied Plaintiff's claim on April 6, 2011.  ECF No. 16, 2.  After additional review, the Appeals
Council remanded the matter back to the ALJ for consideration of new evidence that was
submitted by Plaintiff after the initial unfavorable decision.  *Id.* at 2.  On December 11, 2012,
Plaintiff testified at a second hearing before the ALJ.  *Id.*  On January 17, 2013, the ALJ found

that Plaintiff was not disabled under the Act. *Id.* at 27. After the Appeals Council denied Plaintiff's subsequent request for review in December 2014, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [11] (Plaintiff) and [15] (Defendant). Both parties filed briefs in support of their motions. ECF Nos. [12] (Plaintiff) and [16] (Defendant). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I grant Plaintiff's motion and remand this case for further consideration by the Commissioner, as explained more fully *infra*.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. § 416.920(b).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity.  20 C.F.R. § 416.920.  A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Plaintiff's Motion

Plaintiff argues that the ALJ improperly discounted the medical opinions of his primary care physicians, Dr. Gregory Molter and Dr. Andrew Fackler, his treating psychologist, Dr. Joseph Altman, and the examining psychiatrist, Dr. Robert Eisler. ECF No. 12, 12-17. In so doing, Plaintiff alleges that the ALJ improperly determined Plaintiff's residual functional capacity ("RFC") and disregarded the testimony of the vocational expert. *Id.* at 17-21.

The amount of weight accorded to medical opinions is well-established. An ALJ is required to evaluate every medical opinion received, regardless of its source. 20 C.F.R. § 416.927(c). As the Third Circuit has repeatedly explained:

> [i]n our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

*Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (citing *Harris*, 642 F.2d at 705 quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). In his evaluation, an ALJ will give medical opinions the weight he deems appropriate based on various regulatory factors, including whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. 20 C.F.R. § 416.927(c). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. § 416.927(c)(4).

Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. *Id.* § 416.927(c)(1); *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing observation of the patient's

condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). "It is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S. Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). "Indeed, a treating physician's opinion must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the case in order to warrant controlling weight." *Johnson v. Astrue*, No. 02:09-cf-1073, 2010 WL 2891496, at *8 (W.D. Pa. 2010) (citing, *inter alia*, 20 C.F.R. § 416.927(d)(2)). "In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000) (citations omitted); *see also Johnson*, 2010 WL 2891496, at *8.

Here, the ALJ did "not give[] weight" to the opinions of Dr. Molter, Plaintiff's primary treating physician, and Dr. Altman, Plaintiff's treating psychologist. ECF No. 7-2, 24. The ALJ found that Dr. Molter's conclusions about Plaintiff's limitations were not borne out in his treatment records detailing Plaintiff's self-reported daily activities and conflicted with objective medical evidence regarding Plaintiff's present claim of Crohn's disease.[1] *Id.* (citing Exhibits B10F, B18F, B19F, B29F, B30F in support his conclusion that Plaintiff has "no more than mild gastritis symptoms for which [he] can use an over-the-counter type medicine.") & 25. However, this is the only instance where the ALJ cited alternate medical evidence to discount a medical

---

[1] Plaintiff also takes issue with factual discrepancies in the ALJ's opinion with regard to Dr. Molter's assessment. ECF No. 12, 16. Because I now remand this case to the Commissioner for further consideration, the ALJ may address Plaintiff's contention then.

opinion.[2]  When discussing his assessment of Dr. Altman, the ALJ stated that he found Dr. Altman's opinion inconsistent with his treatment notes, ECF No. 7-2, 24, but the ALJ did not cite any conflicting or alternate medical evidence.  The ALJ also failed to explain his rejection of Dr. Altman's opinion of Plaintiff's mental limitations and to assess and assign any weight to the medical opinions of doctors Eisler and Fackler.  Because the ALJ failed to adequately explain his discrediting competent evidence, I am unable to assess whether the ALJ's opinion is supported by substantial evidence.  *See Schwartz v. Halter*, 134 F. Supp. 2d 640, 648 (E.D. Pa. 2001) (citing *Cotter v. Harris*, 642 F.2d 700) (3d Cir. 1981)).

To reiterate, the standard in my review is whether there is substantial evidence to support the ALJ's finding.  *Allen*, 881 F.2d 37, 39 (3d Cir. 1989).  I am bound to the ALJ's stated grounds, and "[i]t is not for the Commissioner to make an after-the-fact argument in support of the ALJ's decision.  The analysis in Commissioner's brief cannot substitute for the ALJ's analysis." *Griffies v. Astrue*, 855 F. Supp. 2d 257, 272 (D. Del. 2012).  Although there may be grounds in the record to support the ALJ's conclusions, it is not my role to seek out such grounds and justify the ALJ's decision post-hoc.  Although this approach may appear to elevate form over substance, the requirement that an ALJ adequately explain his decision is not a technicality. Substantial evidence review must be based on the grounds invoked by the ALJ.  Moreover, a claimant is entitled to understand the disposition of his case, especially if his treating provider has stated that he is disabled, and he "might be especially bewildered when told by an administrative bureaucracy that [he] is not."  *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).  Accordingly, I now remand this case to the Commissioner for further consideration.

---

[2] The ALJ also expressed skepticism regarding Plaintiff's claim of fibromyalgia but ultimately concluded that it remains a possible diagnosis based on the July 6, 2012 report by Plaintiff's rheumatologist, Thaddeus Osial, Jr., MD. ECF No. 7-2, 25 (the ALJ stated that Plaintiff's claim of fibromyalgia "was initially made only as a suggestion to his physician [but] the term [] seems to be simply adopted and recorded into the evidence as a fact (Exhibit B20F).").

III. Conclusion

For the reasons discussed above, Plaintiff's motion for summary judgment is granted, Defendant's motion for summary judgment is denied, and this matter is remanded to the Commissioner for further proceedings consistent with the foregoing Opinion. On remand, the ALJ should take the opportunity to clarify his grounds for accepting or rejecting the medical evidence of record in support of his disability finding.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BRAD ALLEN NICHOLS,                    )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )        Civil Action No.  14-01755
                                       )
CAROLYN W. COLVIN,                     )
Commissioner of                        )
Social Security                        )
                                       )
            Defendant.                 )

AMBROSE, U.S. Senior District Judge

ORDER

AND NOW, this 9th day of September, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [11]) is granted, Defendant's Motion for Summary Judgment (ECF No. [15]) is denied, and the case is remanded to the Commissioner for further proceedings consistent with this Opinion.


BY THE COURT:



/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge